CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 24, 2013

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DONOHUE, | ) | CASE NO. 7:13CV00397 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| LT. J.D. LAMBERT, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

John Donohue, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that, on June 6 and 7, 2013, the defendant prison officials at Red Onion State Prison used excessive force against him and maintained him in five-point restraints for 13 hours, in violation of his Eighth Amendment rights. Donohue has now consented to pay the $350.00 filing fee for this action through installments from his inmate trust account, and by separate order, the court will direct the clerk to attempt service of process on the defendants. Donohue has separately moved for interlocutory injunctive relief, asking for an immediate transfer to another prison facility. After review of his allegations in support of this motion, the court concludes that it must be denied.

Donohue's complaint alleges the following sequence of events related to his § 1983 claims. On June 6, 2013, Donohue and Inmate Corey Smith exchanged legal work during their recreation period, in violation of prison rules. Officers confiscated the legal materials as contraband and denied Donohue's request for return of the documents. To protest the confiscation, Donohue covered his cell door window in violation of prison rules and flooded his cell. Officers came to the cell, ordered him to uncover his window, and when he did not comply, sprayed him three times with OC pepper spray. Officers then restrained Donohue and escorted

him to the shower for decontamination. He alleges that, during this process, two officers struck him in the face and a tight handcuff caused possible nerve damage to his left wrist. Several times, officers mentioned his legal work and grievances and used profanity and racial slurs. After medical staff assessed Donohue, officers placed him in five-point restraints, where he remained for several hours. Officers released him periodically and placed him in ambulatory restraints to use the restroom and eat, but then returned him to five-point restraints.

Based on these past events, Donohue states that he fears for his safety at Red Onion and seeks an immediate injunction, ordering that he be transferred. In addition, Donohue alleges that since he filed this lawsuit in late August 2013, one of the defendants has been telling other officers that Donohue was convicted for child pornography. Donohue asserts that he is innocent of this charge, but fears that, nevertheless, people hearing about it will assume that he is a child molester and retaliate against him. He says that for four years at Red Onion, officers have verbally threatened him, denied him showers and recreation, and given him empty meal trays on occasion. He claims that he has lost 30 pounds over this period of time. Donohue states, "I have a feeling something else is up [and] if I do not get . . . a transfer permanently off of this compound, my life has just expired. I will be set up for an accident [or officers will arrange for another inmate to] stab me." (ECF No. 12, at p. 2.)

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "(1) that he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance

of equities tips in his favor; and (4) an injunction is in the public interest."[1] Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part by 607 F.3d 355, 355 (4th Cir. 2010) ((quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)). Each of these four factors must be satisfied. Id. at 346. A movant is not allowed to demonstrate only a "possibility" of irreparable harm because that standard is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id.

Under this stringent standard, the court cannot find that Donohue has alleged facts warranting the extraordinary relief he seeks. The alleged excessive force used against him in June 2013 stemmed from his admitted violations of prison rules. Nothing in his complaint or motion indicates any likelihood that officers will place him under such conditions, unless he commits similar rule violations. His problems with meals, showers, recreation, and verbal threats over a four-year period may have caused him discomfort, but he fails to show any likelihood that such conditions pose him any imminent, irreparable harm. In short, Donohue presents no factual support for his "feeling" that his life is in danger at Red Onion because of his litigation efforts or the alleged mischaracterization of his crime. Accordingly, he fails to demonstrate that he is entitled to the interlocutory relief he seeks.

---

[1] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that petitioner is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

For the reasons stated, the court denies Donohue's motion for interlocutory injunctive relief. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 24th day of September, 2013.

*/s/ Glen Conrad*
Chief United States District Judge