CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 07 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DONOHUE, | ) | CASE NO. 7:13CV00397 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| LT. J.D. LAMBERT, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

John Donohue, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials at Red Onion State Prison used excessive force against him. The case has recently been served on the defendants. By order entered September 24, 2013, the court denied Donohue's motion for interlocutory injunctive relief, asking for an immediate transfer to another prison facility. Donahue now moves for reconsideration of the denial of interlocutory relief. After review of his submissions, the court denies the motion.

Donohue's complaint alleges, in brief, that on June 6, 2013, officers at Red Onion State Prison sprayed him with pepper spray, struck him in the face, and placed him in five-point restraints after he violated prison rules by covering his cell door window and flooding his cell. After Donahue filed this lawsuit in late August 2013, one of the defendants allegedly labeled Donahue as a child molester (his actual conviction involves child pornography). Donohue fears officers will encourage other inmates to harm him in retaliation. The court denied Donohue's motion for interlocutory injunctive relief, finding that he had not provided a factual basis for his "feeling" that the potential retaliation from officers, based on his litigation and the mischaracterization of his crime, placed him in imminent danger of irreparable harm.

In his motion to reconsider, Donohue repeats that he fears for his life if he remains at Red Onion. He alleges that other inmates have told him defendant officers are trying to put a hit on

his life. He also fears officers will convince other inmates to throw feces on him. One of the defendants has allegedly said he is "waiting for the perfect time to strike against [Donohue]." Another defendant allegedly told Donohue in May 2013 that if he covered his window, he would receive a disciplinary charge and be placed on strip cell status. Donohue claims that other inmates who cover their windows are not charged or placed on strip cell.

The court cannot find that the additional facts provided in Donohue's motion for reconsideration require a different outcome on his request for interlocutory injunctive relief. His fears arise from hearsay evidence and his own interpretation of events and comments, rather than from any real evidence that officers are likely to harm him intentionally or to cause inmates to harm him. Moreover, if Donohue fears harm from other inmates, he may take appropriate steps under the prison administrative remedies procedures to request protective custody. In addition, neither Donohue's fear of being disciplined again for violating prison rules nor the alleged verbal threats officers have made is sufficient to support a finding that Donohue is in imminent danger of irreparable harm so as to warrant the extraordinary relief he seeks.[1] For these reasons, the court will deny Donohue's motion to reconsider. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 4th day of October, 2013.

Chief United States District Judge

---

[1] See Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part by 607 F.3d 355, 355 (4th Cir. 2010) ((quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)) (finding that a mere "possibility" of irreparable harm is "inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief").