CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 16 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DONOHUE, | ) | CASE NO. 7:13CV00397 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| LT. J. D. LAMBERT, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

John Donohue, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging incidents of excessive force at Red Onion State Prison on June 6 and 7, 2013, and related claims.[1] Presently before the court is Judge Sargent's report and recommendation of November 16, 2015 ("the report"), pursuant to 28 U.S.C. § 636(b), recommending that the second motions for summary judgment filed by Defendants Swiney and Rose should be granted. Donohue has submitted an untitled letter, generally stating that he objects to any report recommending that a defendant be granted summary judgment. (ECF No. 377.)

The magistrate judge makes only a recommendation to this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). On portions of the magistrate judge's report and recommendation to which no party has objected, the court "must only satisfy itself that there is

---

[1] The court denied, in part, defendants' initial, joint motion for summary judgment, new defendant counsel entered appearances, and the case is now scheduled for a jury trial in January 2016. The court has referred all pretrial matters, including second motions for summary judgment, to U.S. Magistrate Judge Pamela Meade Sargent under 636(b), for conduct of appropriate proceedings. Defendants Swiney and Rose filed separate, second motions for summary judgment, based on their declarations, Donohue's deposition testimony, and other evidence, and Donohue has responded to their motions.

no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

In the complaint, Donohue expressly sued Officer Rose "for failing to intervene" on June 6, 2013, alleging that Rose "idly stood by" and watched two other officers use excessive force against Donohue during a cell extraction. (Compl. ¶ 8, ECF No. 1.) It is undisputed that Rose was on the five-officer extraction team that entered Donohue's cell to restrain him on June 6, 2013. Judge Sargent found from Donohue's deposition testimony that Rose was beside the cell door, with the four other officers inside the cell, when Officers White and Carroll allegedly struck Donohue four times within 15 seconds. Donohue does not object to this characterization of his testimony.

Taking the record evidence in the light most favorable to Donohue, Judge Sargent found that even if Rose saw improper actions by White and Carroll, 15 seconds was not an adequate period of time to allow him a reasonable opportunity to prevent any of those actions. See Randall v. Prince George's Cnty., Md., 302 F.3d 188, 203-04 (4th Cir. 2002) (setting standard for bystander liability). Donohue makes no particularized objection to this finding. Instead, he merely speculates that Rose may have known from unspecified, prior incidents that White and Carroll would use excessive force, or that in 15 seconds, Rose might have reported the excessive force to supervisors outside the cell. In the summary judgment context, however, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' in support of [the non-movant's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation and citation omitted). Rather, to withstand a summary judgment motion, the non-movant must produce sufficient evidence from which a reasonable jury could return a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). The court

agrees with Judge Sargent's conclusion that Donohue has failed to forecast such evidence in support of his claim against Rose.

In the complaint, Donohue expressly sued Unit Manager Swiney for allegedly "condon[ing] and encourag[ing]" and "failing to intervene" when his subordinates used excessive force against Donohue on June 6, 2013, during a cell extraction and shower, and held him in five-point restraints for hours on June 6 and 7, 2013.[2] (Compl. ¶ 14.) Donohue does not object to Judge Sargent's finding from the evidence now in the record, however, that Swiney was not physically present at Red Onion on June 6 and 7, 2013, and had no personal involvement in the cell extraction or the five-point restraints about which Donohue is complaining. Donohue also does not object to Judge Sargent's characterization of his deposition testimony as "conced[ing] he had no proof to support his claim that Swiney condones and encourages" officers to use excessive force. (Report 10, ECF No. 365.) Finally, Donohue does not object to Judge Sargent's conclusion that both Swiney and Rose are entitled to summary judgment on the ground of qualified immunity.

Donohue appears to argue that he has properly alleged a viable, separate claim of supervisory liability against Swiney, based on vague allegations that Swiney, as a supervisor, must have known of past incidents of alleged excessive force and misuse of five-point restraints by Red Onion officers against other inmates. Judge Sargent found from the record that Donohue's allegations on this issue first appeared in his summary judgment response (ECF No. 327), after completion of the discovery period, and without an amendment to the complaint. For these reasons, Judge Sargent refused to "address Donohue's supervisory liability argument, as

---

[2] In this paragraph of the complaint, Donohue also alleges that Swiney "condones and encourages his workers to misuse and override mental health policies" by placing Donohue on strip cell status on two occasions in May 2013. The court has already granted summary judgment as to Donohue's claims concerning these strip cell incidents.

3

doing so would constitute a constructive amendment of his Complaint, thereby prejudicing the defendants."[3] (Report 12.) Donohue fails to demonstrate that he properly amended his complaint to raise such allegations against Swiney.

For the reasons stated, the court concludes that Donohue's objections will be overruled, Judge Sargent's report and recommendation will be adopted in its entirety, and the motions for summary judgment for Defendants Rose and Swiney will be granted. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This 16th day of December, 2015.

                                                                                 Chief United States District Judge

---

[3] Judge Sargent has also denied Donohue's efforts to engage in discovery related to this improperly presented claim.