# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DOHOHUE, | ) | CASE NO. 7:13CV00397 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| LT. J.D. LAMBERT, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

In preparation for the upcoming trial in this case, the court has reviewed Plaintiff John Donohue's numerous, often repetitive letters and motions "to object" to past rulings in the case, by the court or by the magistrate judge to whom pretrial matters have been referred under 28 U.S.C. § 636(b). (See, e.g., ECF Nos. 138, 193, 221, 222, 237, 249, 251, 256, 271, 272, 276, 299, 300, 302, 306, 315, 318, 319, 335, and 352.) See also Fed. R. Civ. P. 72(a) (authorizing objections to magistrate judge's orders on nondispositive matters for review by district judge).[1] For reasons stated herein, Donohue's objections will be overruled.

By opinion and order entered September 25, 2014, the court granted in part and denied in part the defendants' motion for summary judgment. Specifically, the court granted the motion as to:

> all claims concerning the use of OC gas and the claim that Defendant Rose failed to intervene at the shower on June 6, 2013; all claims against Warden Mathena and Officer Adams, who may be terminated as parties; and all claims concerning events on May 11 and 20, 2014.

---

[1] As stated, Donohue has also filed many objections to orders issued by the undersigned. In so doing, he apparently relies on Rule 46, contained in the section of the Federal Rules of Civil Procedure governing trials, rather than as an appropriate vehicle to seek reconsideration of a written order. Fed. R. Civ. P. 46. Nevertheless, the undersigned has considered these objections and concludes that they must be overruled.

1

(Order ¶ 1, ECF No. 89.) Because the court has granted summary judgment on these claims, Donohue's objections seeking to reinstate these claims or to obtain discovery related to them are overruled.[2]

That same order also summarily dismissed without prejudice all claims raised in Donohue's second motion to amend (ECF No. 80), alleging retaliation, harassment, and due process violations, under 28 U.S.C. § 1915A(b)(1) as frivolous, and directed the clerk to terminate all defendants to these claims as parties. Donohue's objections regarding this portion of the order fail to persuade the court that the dismissal of these claims was erroneous. Therefore, his objections seeking to reinstate or engage in discovery related to these claims are overruled.

The September 25, 2014 order denied summary judgment as to Donohue's other claims of excessive force and failure to intervene arising from events on June 6 and 7, 2013, and directed that the case be scheduled for a jury trial on the remaining claims, pursuant to Donohue's demand for a jury trial in his complaint. (See Compl. 14, ECF No. 1.) The order also added new defendants. After defense counsel withdrew, based on conflicts of interest, five new defense attorneys entered the case, filed answers or supplemental answers, and sought to engage in discovery, on behalf of their clients. Donohue then notified the court that he had withdrawn his jury demand. Accordingly, the court redesignated the trial scheduled for August 31 and September 1, 2015, as a bench trial and referred the matter to the Hon. Pamela Meade Sargent, United States Magistrate Judge. Defendant Payne objected to this change on the ground that he had not consented to Donohue's withdrawal of his jury demand, as required under Rule 38(d).

---

[2] Donohue contends that the claims are still before the court because the order only directed that Mathena and Adams "may be terminated" as parties and did not "terminate" the claims. The grant of summary judgment effectively removed the claims from the case to be tried, however. See Fed. R. Civ. P. 56(a). This fact was not effected in any way by the court's additional statement regarding the termination of parties, which was an administrative directive to the clerk related only to the court's docket.

2

On that ground, the court ruled that the case would be tried before a jury in Big Stone Gap, Virginia, the division of this court where the cause of action arose. Donohue's objections to having his case tried to a jury or to having it tried in Big Stone Gap, are overruled as without merit.

Donohue also objects to the magistrate judge's continuation of the trial until January 2016 and the scheduling orders that allowed the defendants to file second motions for summary judgment before trial. Donohue's objections on this issue rest on his inaccurate belief that Rule 56 of the Federal Rules of Civil Procedure allows parties to file only one motion for summary judgment. Rule 56(b) provides, however, that absent a local rule or <u>court order</u> setting a particular deadline for such motions, a party may move for summary judgment "at any time until 30 days after the close of all discovery." On June 23, 2015, Judge Sargent entered a scheduling order requiring any further motions for summary judgment to be filed at least 75 days before trial, or by October 21, 2015. Defendants Swiney and Rose filed second motions before this date, and the court has already granted these motions by separate order. On October 16 and 21, 2015, Judge Sargent granted other defendants' requests to extend the summary judgment deadline until October 30, because a deposition transcript had been delayed. The remaining second motions for summary judgment were timely filed on October 30, 2015. Therefore Donohue's objections to the court's consideration of the defendants' second motions for summary judgment are overruled as without merit.

Donohue also objects to the court's permitting the parties to file amended answers and motions in limine. Finding no merit to these objections, Donohue's objections are overruled. <u>See</u>, <u>e.g.</u>, Rule 15(a)(2) (providing court should freely grant leave for amendment of a pleading before trial when justice so requires).

3

Donohue has filed numerous motions, seeking to obtain copies of Virginia Department of Corrections ("VDOC") security policies and video footage related to the events on June 6 and 7, 2013 that are the subject of his remaining claims in this case. Donohue has filed repeated objections to the court's various orders on this issue. Indeed, Judge Sargent denied his recent motion regarding this discovery issue on December 29, 2015, just days before the scheduled trial. The court has reviewed the record and is satisfied that the defendants have complied with the court's orders regarding Donohue's discovery requests and the materials to be provided to him, or that they will make those materials available to the court at trial.[3] The court is also satisfied that the defendants have allowed Donohue to view all the video footage related to his remaining claims that was filmed by a camcorder and all <u>available</u> video footage related to his claims that was filmed by a surveillance camera. Therefore, Donohue's continuing objections that he requires additional discovery or that defendants have not complied with past discovery orders are overruled.

By order entered December 9, 2015, Judge Sargent ruled that Donohue has preserved a spoliation of evidence argument with regard the defendants' failure to preserve the rapid eye surveillance video recordings from June 6-7, 2013. Therefore, before trial begins on January 4, 2015, the court will hear, and the parties should come prepared to present, testimony, evidence, and argument on the issue of spoliation of this evidence. Then, the court will determine whether any spoliation sanction or instruction to the jury is warranted. In all other respects, however, Donohue's past objections to orders on the issue of spoliation or related matters are overruled.

---

[3] By order entered June 17, 2014, the magistrate judge directed the defendants to preserve any available video footage and to bring to any future trial the security policies that Donohue had requested. (<u>See</u> ECF No. 75.)

4

In accordance with the foregoing, Donohue's outstanding objections to the prior rulings of the court are overruled. An appropriate order will issue this day.

The parties are advised that the court will rule separately on their objections to the December 20, 2015, report and recommendation of the magistrate judge, regarding the pending second motions for summary judgment, and on their pending motions in limine.

The clerk will send a copy of this memorandum opinion and the accompanying order to Donohue, by FAX to the records office at Red Onion State Prison, and to counsel of record for the defendants, by ECF notification.

**ENTER**: This 30th day of December, 2015.

/s/ Glen E. Conrad
_____
Chief United States District Judge

5

Case 7:13-cv-00397-GEC-PMS   Document 412   Filed 12/30/15   Page 5 of 5   Pageid#: 2587