IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN DONOHUE, | ) |
| Plaintiff, | ) Case No. 7:13CV00397 |
| v. | ) OPINION AND ORDER |
| LT. J. D. LAMBERT, ET AL., | ) By: Hon. Glen E. Conrad |
| Defendant(s). | ) Chief United States District Judge |

John Donohue, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging incidents of excessive force at Red Onion State Prison on June 6 and 7, 2013, and related claims. The court denied an initial motion for summary judgment as to some claims and defendants. Presently before the court is the Report and Recommendation of December 10, 2015 ("the Report") by the Hon. Pamela Meade Sargent, United States Magistrate Judge under 28 U.S.C. § 636(b). The Report makes proposed findings of fact and conclusions of law and recommends disposition of the second motions for summary judgment filed by Defendant Payne and Defendant McCowan, and the second motion for summary judgment filed by Defendants Barton, Blevins, Brinkley, Carroll, Deel, Franklin, Gallihar, Gilbert, Lambert, McCurdy, Mullins, and White (ECF Nos. 343, 345, and 347). Plaintiff Donohue has responded to the defendants' motions. Defendants McCowan, Carroll, and White have filed objections to the Report and Recommendation, largely reiterating arguments made in their earlier pleadings. The plaintiff and the other defendants have not filed objections.

The magistrate judge makes only a recommendation to this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making "a de novo determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). On portions of the magistrate judge's report and recommendation to which no party has objected, the court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Having reviewed the Report and Recommendation, the objections thereto, and pertinent portions of the record de novo in accordance with § 636(b)(1), the court will adopt the report in part and reject it in part.

Specifically, the court adopts the Report's findings of fact, statement of applicable law, and recommendation that summary judgment be denied as to Donohue's claims that Defendants Carroll and White used excessive force during the cell extraction and in the shower on June 6, 2013. The court agrees that genuine issues of material act remain in dispute: whether White knowingly overtightened a handcuff, and whether White and Carroll struck Donohue, in the cell and in the shower, "maliciously and sadistically for the very purpose of causing harm," rather than in a good faith effort to maintain or restore discipline. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (setting legal standard for Eighth Amendment excessive force claims). The extent and causation of Donohue's pain and injuries are also in dispute. These factual disputes preclude summary judgment on the merits of the claim or on the ground of qualified immunity. See Buonocore v. Harris, 65 F.3d 347, 359 (4th Cir. 1995). Defendants' objections will be overruled, and the motion will be denied as to these defendants.

The court also adopts the Report's findings of fact, statement of applicable law, and recommendation that Defendants Gallihar, Blevins, Lambert, and Barton are entitled to summary judgment as to Donohue's claim that they used excessive force when they authorized or placed him in five-point restraints on June 6, 2013. The court agrees that Donohue has not marshaled

2

evidence on which he could persuade a jury that these actions constituted excessive force under the Whitley standard. Therefore, defendants' motion will be granted as to this claim.

Next, the court adopts the Report's findings of fact, statement of applicable law, and recommendation that summary judgment be denied as to Donohue's claim of excessive force against Defendant McCowan. The court agrees that genuine issues of material fact remain in dispute: whether McCowan maliciously held Donohue in five-point restraints for hours after his actions demonstrated that such a restrictive measure was not necessary in good faith to maintain order. McCowan's objections to the Report will be overruled, and his motion for summary judgment will be denied.

The court adopts the Report's statement of applicable law regarding Donohue's claims of bystander liability. See Randall v. Prince George's Cty., Md., 302 F.3d 188, 204 (4th Cir. 2002) ("[A]n officer may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.") (footnote omitted). The court also adopts the Report's findings that the alleged excessive force lasted only around 15 seconds in the cell and around a minute in the shower. The Report concludes from this timing factor alone that none of the bystander defendants had a reasonable opportunity to intervene to stop or prevent the excessive force. The court cannot adopt this conclusion. Rather, the court concludes that genuine, although close, issues of material fact remain as to whether these officers had a reasonable opportunity to prevent harm to Donohue, based on their physical location and/or their rank and job responsibilities during the cell extraction: Lt. Payne, Lt. Gilbert, Officer Mullins, Sgt. Deel, Officer Brinkley, and Officer McCurdy. Similarly, the court concludes that genuine, although close, issues of material fact remain as to whether the following officers had a

3

reasonable opportunity to prevent harm to Donohue during his decontamination in the shower, based on their physical location and/or their rank and job responsibilities: Lt. Payne, Lt. Gilbert, Lt. Franklin, Lt. Lambert, Sgt. Deel, Officer Mullins, and Officer McCurdy. These factual disputes preclude summary judgment on the merits of the claim or on the ground of qualified immunity. Therefore, the court will deny summary judgment for these defendants.

In conclusion, the court will deny grant summary judgment as to the claim that the initial application of five-point restraints constituted excessive force. As to all other remaining § 1983 claims of excessive force and bystander liability, however, the court will deny summary judgment, and the case will proceed to trial as scheduled, starting on January 4, 2016. An appropriate order will issue this day.

The clerk will send a copy of this memorandum opinion and the accompanying order to Donohue, by FAX to the records office at Red Onion State Prison, and to counsel of record for the defendants, by ECF notification.

**ENTER:** This  31st  day of December, 2015.

                                                              s/Glen E. Conrad
                                                           Chief United States District Judge