CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 12 2016
JULIA ━━━━━, CLERK
BY:
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JOHN DONOHUE, | ) CASE NO. 7:13CV00397 |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION |
| LT. J. D. LAMBERT, ET AL., | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant(s). | ) |

John Donohue, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that officials at Red Onion State Prison had violated his constitutional rights in several respects. The defendants, through counsel, filed a timely answer to the complaint on January 21, 2014,[1] and later filed motions for summary judgment. The court granted summary judgment for several defendants, but denied summary judgment on claims that certain defendants had used excessive force against Donohue, or failed to intervene to prevent such force, during a cell extraction, a decontamination shower, and a five-point restraint period on June 6-7, 2013. On January 4-6, 2016, the court conducted a jury trial in Big Stone Gap on these remaining claims. The jury returned a special verdict form, finding in favor of the defendants on all counts, and the court entered judgment on January 7, 2016. The matter is now before the court on Donohue's post-judgment motions. After review of the record, the court concludes that his motions must be denied.

Donohue has filed several motions seeking judgment in his favor or a new trial (ECF Nos. 433, 434, 440, and 441). None of his arguments warrant the relief he demands.

---

[1] Based on the finding that defendants filed a timely answer, the court must deny Donohue's motion for default judgment against Defendants Lambert, Blevins, Gilbert, Deel, McCurdy, Swiney, Franklin, and Mullins (ECF No. 446).

Donohue first asserts that a comment in opening statements (about his prior disciplinary charge for masturbating in front of a female counselor in 2012) was "plain prejudicial error, even in absence of objection." (M. Judg. 1, ECF No. 433.) Donohue contends that because this comment was irrelevant to the issues in the lawsuit and prejudiced the jurors against him, they ruled for the defendants, despite his evidence that did not support such a verdict. However, the court expressly instructed the jurors, before the trial began and after the parties concluded their evidence, that statements by the attorneys were not evidence to be considered in deciding the case. In the absence of evidence to the contrary, the court must presume that jurors complied with the court's instructions. Weeks v. Angelone, 528 U.S. 225, 234 (2000). Thus, the court cannot find that the challenged comment was even considered as evidence by the jurors or that it had any effect on their verdict.

Second, Donohue is not entitled to relief under Rule 50 of the Federal Rules of Civil Procedure, as he contends. Rule 50(b) governs motions for judgment after the jury's verdict. Generally, a party cannot bring a Rule 50(b) motion unless he filed a Rule 50(a) motion for judgment as a matter of law before the jury began deliberations. See Singer v. Dungan, 45 F.3d 823, 828 (4th Cir.1995) (noting that with few exceptions, "the general rule [is] that a Rule 50(a) motion at the close of all evidence is required to raise a Rule 50(b) motion"). Donohue made no such motion.

In any event, a court should not grant a Rule 50(b) motion unless, "without weighing the evidence or considering the credibility of the witnesses, [the court determines] that substantial evidence does not support the jury's findings." Konkel v. Bob Evans Farms Inc., 165 F.3d 275, 279 (4th Cir. 1999) (internal citation omitted). In deciding a Rule 50(b) motion, the court will view the evidence in the light most favorable to the non-moving party. Dennis v. Columbia

Colleton Med. Ctr., 290 F.3d 639, 645 (4th Cir.2002). The court will only grant the motion if no reasonable juror could have found for defendant. Id.

Even if Donohue had made a timely Rule 50(a) motion, he has not met the evidentiary burden required for judgment as a matter of law, or in the alternative, a new trial under Rule 50(b). The court concludes that the jury's verdict in favor of the defendants was supported by substantial evidence. It is the province of the jury to resolve issues of credibility, and their conclusion that the defendants' version of events was more credible than Donohue's version was not inconsistent with the trial evidence. Certainly, the court cannot find that no reasonable juror could have found for defendants. Accordingly, the court will deny Donohue's motions seeking judgment as a matter of law or a new trial under Rule 50(b).

Donohue next argues that the jury verdict is void, based on the court's failure to appoint a guardian ad litem or an attorney for him, because he was under the legal disability of incarceration as a convicted felon. See Va. Code Ann. § 8.01-9(A). This section requires appointment of a guardian ad litem to assist an incarcerated who person is named as a defendant in a civil action. Id. It does not require such an appointment where a prisoner brings a civil action on his own behalf, as Donohue did in this case. Furthermore, neither Virginia law nor the United States Constitution requires appointment of counsel for an indigent prisoner plaintiff.[2] See McMillian v. Wake Cnty. Sheriff's Dep't, 399 F. App'x 824, 829 (4th Cir. 2010) ("[A] § 1983 litigant has no right to appointed counsel . . . .") (citing Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968)). Only in exceptional cases, a district court may appoint counsel when "a pro se litigant has a colorable claim but lacks the capacity to present it." Id. (quoting Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984)). The court denied Donohue's prior motions for

---

[2] Based on this finding, the court will deny Donohue's motion for appointment of counsel under Virginia law (ECF No. 439).

3

appointment of counsel in this case upon finding that Donohue did not lack the capacity to present his claims to the jury, and the trial itself confirmed this finding. Donohue ably presented his evidence, questioned the witnesses, and argued his case. The mere fact that the jury found in favor of the defendants does not prove that they did so because Donohue lacked legal representation or that he is entitled to a new trial.

For the reasons stated, the court will deny all of Donohue's post-trial motions. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 12th day of April, 2016.

_/s/ Jsn Conrad_
Chief United States District Judge